UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 18-CR-20939-ALTONAGA(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KELVIN HARRIS,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

COMES NOW the defendant, KELVIN HARRIS, by and through his undersigned counsel, and hereby files this Motion for Downward Departure or Variance, in which it is requested that this Court impose a sentence "sufficient, but not greater than necessary" in order to achieve individual accountability and just punishment. *See generally, United States v. Irey,* 612 F.3d 1160 (11th Cir. 2010).

For the reasons argued herein, the defendant submits that a departure or variance from the proposed guideline sentence should be ordered to achieve the goal of a sentence that is reasonable and not greater than necessary to achieve the sentencing objectives of Title 18, United States Code, §3553(a)-(7).

Currently, the defendant has a total offense level of 36 and a criminal history category of I (PSI at ¶ 82) yielding a sentencing range of 188 to 235 months, and an additional five-year consecutive term of imprisonment as to Counts 3,5 and 7.

The defendant's request for departure or variance is as follows:

*VARIANCE GENERALLY*

1

The Defendant's request for a departure or variance comports with the sentencing procedures that have evolved since the Supreme Court's decisions in *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005), and *Gall v. United States,* 552 U.S. 38, 128 S. Ct. 586 (2007) *See, United States v. Livesay,* 525 F.3d 1081, 1089, 1090 (11th Cir. 2008) (summarizing current sentencing procedures in Eleventh Circuit); *United States v. Pugh,* 513 F.3d 1179, 1188-91 (11th Cir. 2008).

The sentencing Court first evaluates the appropriate guidelines, resolves any guidelines objections and determines the applicable advisory guideline range. *Gall v. United States,* 552 U.S. 38, 128 S. Ct. at 596-97 (2007); *Livesay* at 1089-90. After "consult[ing] and correctly determine[ing] the sentencing range prescribed by the Sentencing Guidelines ... [t]he court must then impose a reasonable sentence in light of the factors enumerated in 18 U.S.C. §3553(a)." *United States v. McBride,* 511 F.3d 1293 (11th Cir 2007). Among the factors which the sentencing Court "shall consider" under Section 3553(a)(1) are "the nature and circumstances of the offense and the history and characteristics of the defendant" and under (a)(2) "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2)(A)-(D). *See, e.g., United States v. McBride,* 511 F.3d 1293, 1296-97 (11th Cir. 2007). The Court "*may not presume that the [advisory] guidelines range is reasonable." Gall,* 128 S. Ct. at 596-97 (emphasis added); *see also, United States v. Campbell,* 491 F.3d 1306, 1313-1314 (11th Cir. 2007) ("We do not in this Circuit presume reasonable a sentence within the properly calculated guidelines range"). Thus, after

making an "individualized assessment" of the Section 3553(a) factors based on the facts presented, the sentencing Court has the power to grant a variance from the advisory guidelines range to whatever extent the Court deems warranted by the facts of each defendant. *Gall,* 128 S. Ct. at 595-97; *Livesay,* 525 F.3d at 1090; *McBride,* 511 F.3d at 1297-98.

While the United States Sentencing Guidelines prohibit or discourage departures on a number of grounds, the same is not true of "variances." A sentencing Court may in fact consider factors under the broader Title 18, United States Code, §3553(a), even though the same factors might be prohibited or discouraged under the guidelines. Under the factors as set forth in § 3553(a), undersigned counsel respectfully submits that a variance sentence is appropriate for Kelvin Harris for the reasons stated herein. §3553(a) directs the Court to impose a sentence sufficient, but not greater than necessary based upon the statutory objectives and relevant factors. A variance is further supported by Title 18, United States Code, §3582, which provides:

> (a) Factors To Be Considered in Imposing a Term of Imprisonment– The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth is section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation....

The post-*Booker* reinstatement of judicial discretion requires the Court to consider the personal background of the offender as well as the offense itself.

***(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant. Title 18, United States Code, Section 3553(a)(1).***

In this case, the defendant was convicted of conspiracy to possess with intent to distribute cocaine, attempted possession with intent to distribute cocaine and possession of a firearm during a drug trafficking offense. While there is a 10-year minimum mandatory sentence regarding the drug counts (Counts 1,4, and 6) and a consecutive five-year sentence regarding the possession of the firearm convictions (Counts 3,5 and 7), the foregoing arguments and comments pertain to the portion of the defendant's sentence where the Court does have some discretion, namely Counts 1,

3

2, 4 and 6, in essence, the drug counts. Under the sentencing guidelines, the defendant faces between 188-235 months on the drug offenses.

For starters, this is a "sham cocaine" case. This is not the first "sham cocaine" case to come before the Southern District of Florida. In fact, the United States Attorney's Office over the years have brought many cases of this nature within this District. One such case, came before United Stated District Judge Federico Moreno in 2001, *United States v. Darryl Bell and Charles Thomas,* Case No: 01-333-CR-FAM. In that case, both Bell and Thomas, who worked as International longshoremen, agreed to offload between 80-100 kilograms of cocaine from a ship that was located at the port of Miami. Both defendants went to trial. At the conclusion of the government's case, Judge Moreno granted a Rule 29 motion for judgment of acquittal on Count 1, the conspiracy to import cocaine charge. Both defendants were acquitted by jury verdict of Count 2 of the indictment but were found guilty of attempted possession within intent to distribute 5 kilograms or more of cocaine. The cocaine involved in the case was "sham cocaine." At sentencing, Judge Moreno stated as follows:

> "The next issue, which I think is the major issue in my view, is what do we do with the sham cocaine.
> Now, I know with Mr. Cobb what I did---you all correct me --- the government can correct me if I was wrong---I made him responsible for the ten kilos of cocaine. I said there wasn't enough proof of exactly what he did. They didn't weigh it because it was not real cocaine, though reasonable Judges could have come up with different conclusions and perhaps most Judges would have.
> I really see no reason to do anything different in this particular case, with the same caveat, and that is that different Judges could come up with different conclusions.
> I am going to attribute the responsibility for ten kilograms of cocaine in this particular case.
> Therefore, the base offense level, it gets reduced from 36 to 32.
> Now, when I do that, I want also to state that even if that were not appropriate, and I could see the government, in its discretion, taking an appeal on that, and I could see this Judge coming up with a different conclusion on that, I think the fact that it was sham cocaine is a sufficient basis for this Court to depart downwards four levels.
> So, whatever adjustment I would make, whether it is just attributing ten kilos or making a downward departure because it was sham cocaine, there is something that needs to be done when it is not real cocaine, in my view, and this

>   is what I have done, a four level downward departure, if you wish, or attributing only ten kilos of cocaine, because the government is in control with the quantity.
>   If it is real cocaine, the defendants, of course, are more responsible, but when it is fake cocaine, even in big containers, I think something can be done by the Judge.
>   Different Judges could come up with different conclusions, but in the exercise of my discretion, that is what I will do."

*Sentencing transcript,* pages 31-33, *USA v. Darryl Bell, et. al.,* Case No: 01-333-CR-FAM. (Attached as Defendant's Exhibit #3).

The defendant moves this Court to adhere to the reasoning espoused by Judge Moreno for the same reasons, to wit: 1) this was a sham cocaine case; 2) the government was in control of the amount; and 3) the government did not weigh the cocaine because they knew it was sham cocaine. As a result of those findings, Judge Moreno departed four levels from a 36 to a 32, which is the same total offense level applicable in this case. If the Court sustains this objection, the result would be that the defendant's total offense level would drop to a 32, with a criminal history category of I, resulting in a sentencing guidelines range of imprisonment of 121-151 months, followed by a mandatory 5-year sentence, totaling 181-221 months.

Since the guidelines are advisory, they are simply "one sentencing factor among many." *United States v. Reinhart,* 442 F.3d 857, 864 (5th Cir. 2006). The Court should look past the four corners of the offense conduct portion of the Presentence Investigation Report to assure the proper sentence is given. Accordingly, the Court has full discretion to sentence below the advisory guideline range as long as the resulting sentence is reasonable. Therefore, based on Kelvin Harris' arguments, the Court should grant his request and sentence him below the applicable guideline range.

Furthermore, in application, the Eleventh Circuit has affirmed numerous below guideline sentences since *Booker* even without cooperation. *United States v. Gray,* 453 F.3d 1323 (11th Cir. 2006) (affirming 72-month sentence even though low end of guidelines was 151 months); *United States v. Halsema,* 180 Fed. Appx. 103 (11th Cir. 2006)(affirming 24 month sentence even though guidelines were 57 to 71 months and even though grounds for variance would not have supported departure); *United*

5

*States v. Williams,* 435 F.3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but not greater than necessary to punish, deter and rehabilitate defendant even though low end of guidelines was 188 months). Now that the guidelines are advisory only, they are simply "one sentencing factor among many." *United States v. Reinhart,* 442 F.3d 857, 864 (5th Cir. 2006). Accordingly, the Court has full discretion to sentence below the advisory guideline range without a motion for downward departure as long as the resulting sentence is reasonable. In the instant case, the court should consider that the defendant is a longtime resident of Miami-Dade County. His prior work history was consistent and stellar. He has worked hard all of his life and made a decent income to support his family.

All of these factors point toward mitigation and a downward variance.

***(2) The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Needed Training or Services. Title 18, United States Code, Section 3553 (a) (2) (A)-(D).***

Imprisonment is mandatory in this case. The defendant stands before this court facing an advisory guideline range of 188-235, plus a 5-year consecutive sentence. A sentence of imprisonment will clearly reflect the seriousness of the offense and promote respect for the law and will serve the purpose of protecting the public.

The question facing this court is whether there is a need for a sentence in this case beyond the mandatory 180-month sentence (120 months on Counts 1,2 and 6, plus 5-year consecutive sentence as to Counts 3,5 and 7) or would a downward variance or departure serve the same purpose. While this Defendant is not seeking to diminish the severity of the

crimes that he stands convicted of, a sentence within the applicable guideline range is too severe given all of the §3553(a) factors.

**(3) The Kinds of Sentences Available. Title 18, United States Code, Section 3553 (a) (3).**

Section 3553(a) expressly dictates that the Court shall impose a sentence sufficient, *but not greater than necessary. United States v. Irey,* 612 F.3d 1160 (1$_1$th Cir. 2010). Here, the Court is in a position to fashion a sentence that would punish Kelvin Harris and protect the public and others by restricting his freedom. Under *Gall, supra,* the sentencing guidelines and policy statements are but one factor among all of the other Section 3553(a) factors. Moreover, in order to impose a sentence that is procedurally reasonable this Court must treat the guidelines as advisory and not mandatory and consider the guidelines among all of the statutory factors set forth in Section 3553(a). As noted herein, in fashioning a sentence that is substantially reasonable, this Court has considerable discretion as to the weight it decides to give each of the Section 3553(a) factors and the guideline sentence itself.

**(4) The Kinds of Sentence and Sentencing Range Established by the Sentencing Guidelines and Pertinent Policy Statements. Title 18, United States Code, Section 3553 (a) (4).**

The defendant herein is requesting a sentence outside the range but a kind of sentence more in keeping with the policy statements of Title 18, United States Code, Section 3553(a).

**(5) Records Who Have Been Found Guilty of Similar Conduct. Title 18, United States Code, Section 3553 (a) (6).**

Although the primary purpose of the Sentencing Reform Act was to "reduce unwarranted sentencing disparities," the guideline regime has led to variants of disparity never contemplated by its drafters. Sentencing is driven in part by the applicable guidelines, the statutory sentencing factors and individual judicial discretion. There were two codefendants in this case and one

cooperating witness that was not indicted along with the defendant, Catina Anderson[1], who was recently sentenced to four years probation and a $100 special monetary assessment. See Defendant's Sentencing Exhibit #2. Codefendant Schonton Harris received a sentence of 186 months imprisonment, followed by 5 years supervised release and a $100 special monetary assessment. *See PSI, page 2.*

**(6) The Need to Provide Restitution to Any Victims of the Offense. Title 18, United States Code, Section 3553 (a) (7).**

According to the PSI, no restitution is owed.

## CONCLUSION

Based on the aforementioned arguments, Kelvin Harris moves this Honorable Court to grant his motion for downward departure.

---

[1] Catina Anderson was informed against under case number 19-20154-CR-Cooke and charged with knowingly and unlawfully attempting to obstruct, delay and affect commerce by extortion by agreeing to protect and facilitate purported theft and the distribution of oxycodone, a Scheduled II controlled substance, in exchange for the receipt of cash payments, in violation of Title 18 U.S.C. Section 1951(a) and 2. (See Anderson information attached as Defendant's Sentencing Exhibit #1).

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this September 3, 2019.

      Respectfully submitted,

RODERICK D. VEREEN, ESQ., P.A.
P.O. Box 68-0697
Miami, Florida 33168
Tel: (786) 391-1751
Fax: (786) 409-3113
Email: Vereen2469@aol.com

By:    */s/Roderick D. Vereen, Esq.*
       Florida Bar No: 869589